IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Phillip Ramsey, | : | |
| | : | Case No. 1:16-cv-1059 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Amended Order Overruling Objections |
| Receivables Performance Management, LLC, *et al.*, | : | and Affirming Order |
| | : | |
| Defendant. | : | |
| | : | |

This matter was referred to United States Magistrate Judge Karen L. Litkovitz. On January 24, 2019, the Magistrate Judge issued an oral ruling, memorialized by a written Order docketed the following day (Doc. 61), wherein she found that Defendant Receivables Performance Management, LLC ("RPM") waived its right to compel arbitration in this case. On February 7, 2019, Defendants RPM and Howard George filed Objections to the Magistrate Judge's Order (Doc. 62), to which Plaintiff responded (Doc. 63).[1] Defendants object to the Magistrate Judge's Order on the following grounds: (1) the Order violates due process because "there was no Motion before the Court" and because (2) the Magistrate Judge made "facially inaccurate factual conclusions." (Doc. 62 at PageID 820–21) (emphasis removed). For the reasons that follow, these Objections will be **OVERRULED**.

---

[1] Defendants also filed a Reply in support of its Objections (Doc. 64), prompting Plaintiff to file a Motion to Strike the Reply (Doc. 67). Rule 72 does not permit Defendants to file a reply brief in support of their motion. Defendants did not request leave of Court to file a reply before doing so. On March 5, 2019, more than two weeks after Defendants' Reply was filed without leave of Court, Defendants moved for leave of Court to file a reply (Doc. 74). They offer no justification for the belated request. Plaintiff also filed a Memorandum in Opposition to the request to file a reply (Doc. 77). The Court **GRANTS** Plaintiff's Motion to Strike the Reply (Doc. 67) and **DENIES** Defendants' Motion for Leave to File Reply (Doc. 74).

1

**I.      Standard of Review**

Pursuant to Rule 72(a), a magistrate judge to whom a non-dispositive, pretrial matter is referred must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. Fed. R. Civ. P. 72(a). The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id*. The clearly erroneous standard applies to factual findings, whereas the contrary to law standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994). A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Miami Valley Fair Hous. Ctr. Inc. v. Metro Dev. LCC*, No. 2:16-cv-607, 2018 WL 558942, at *2 (S.D. Ohio Jan. 25, 2018) (citing *Eversole v. Butler Cnty. Sheriff's Office*, No. C-1-99-789, 2001 WL 1842461, at *2 (S.D. Ohio August 7, 2001)). Under the "contrary to law" standard, a district court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id*. (citing *Gandee*, 785 F. Supp. at 686) (citations omitted).

**II.     Analysis**

    **A. Due Process**

Defendants argue that the Magistrate Judge violated the Defendants' due process rights because there was no motion before the Court when she ruled. In addition, the parties were given only 24 hours to file brief position statements prior to the hearing, which did not provide enough information to the Court to "properly process the (non)Motion." (Doc. 62 at PageID 820.)

The record establishes that the parties contacted the Court about a dispute nearly one-and-a-half years into litigation over whether RPM is barred from seeking to compel arbitration. The parties were afforded the opportunity to submit letters to the Court over the enforceability of an arbitration agreement. (Doc. 61 at PageID 723–26; 814–16.) Both parties addressed this issue in their submissions. Plaintiff repeatedly argued that "there is no basis for Defendants to move to compel arbitration," and asserted he would move for attorneys' fees should Defendants move to compel. (*Id*. at PageID 723, 726.) Defendants submitted a "brief regarding the recently discovered Arbitration Agreement" and claimed that there was no waiver of a right to compel arbitration in this case. (*Id*. at 814, 816.) Both parties address the relevant Sixth Circuit controlling case regarding waiver, *Johnson Associates Corp. v. HL Operating Corp*., 680 F.3d 713 (6th Cir. 2012), upon which the Magistrate Judge relied in her Order. After receiving these submissions, the Magistrate Judge conducted a hearing on January 24, 2019 regarding the enforceability of the arbitration agreement during which the parties were each permitted the opportunity to present their side of the dispute. She orally ruled and memorialized her decision in a written Order issued the following day. (Doc. 60 (Minute Entry); Doc. 61.)

The Court disagrees with Defendants' argument that the Magistrate Judge's ruling violates Rule 7 because there was no motion before the Court. Rule 7(b)(1) states:

> **(b) Motions and Other Papers.**
> **(1)** *In General.* A request for a court order must be made by motion. The motion must:
> **(A)** be in writing unless made during a hearing or trial;
> **(B)** state with particularity the grounds for seeking the order; and
> **(C)** state the relief sought.

Fed. R. Civ. P. 7(b). The parties contacted the Court about a dispute over the ability of the Defendants to arbitrate at this late stage in litigation. The Court readily construes Plaintiff's letter submission as a motion, wherein he asks the Court to determine whether Defendants may

3

move to compel arbitration. Defendants' letter submission addresses this very issue as well as the relevant legal authority. Rather than ruling on papers alone, the Court held a conference on the issue of whether RPM may compel arbitration, at which time the parties argued the same issue. The Magistrate Judge then ruled that RPM waived its right to arbitrate. There was no surprise or ambush ruling here; rather, the ruling resolved a dispute raised by the parties.

There also was no due process violation. It is well-established law that "a district court has broad discretion to manage its docket." *Am. Civ. Lib. Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010) (finding the court had "ample discretion" to strike a late renewed motion for summary judgment). The process the Magistrate Judge used is customarily employed by this Court in resolving discovery disputes that arise in the middle of litigation. Both sides were thoroughly heard on this issue prior to the Magistrate Judge ruling. As well established by the docket and in the Court's prior rulings, this case has already been particularly contentious. Thus, efficiently managing any dispute before it snowballed was not only practical, but also effective case management.

The Magistrate Judge's decision to promptly address the issue of whether Defendant RPM waived its right to arbitrate was well within her authority to manage her docket. This objection is overruled.

### B. Incorrect Factual Findings

Defendants object to the following statements in the Magistrate Judge's Order on the basis that they are incorrect:

> The background of this dispute is fully set forth in the submissions of the parties which are attached to this Order.

> The parties requested a conference with the undersigned magistrate judge on whether defendant RPM is barred from seeking to compel arbitration at this juncture of the lawsuit.

4

> RPM nevertheless explicitly notified the Court and Plaintiff early in the litigation that it would not be pursuing arbitration.

(Doc. 61 at PageID 717–18.) As to the first statement, Defendants argue it is "false" that the statements submitted by the parties set forth the entirety of this dispute because the Magistrate Judge's law clerk asked for "brief" position statements and because Defendants were not aware the Court was going to issue an Order barring them from pursuing arbitration. (Doc. 62 at PageID 821.) As to the second statement, Defendants argue that it was Plaintiff's counsel's "idea" to call the Court and they did not object to it, but it was not a request to seek an Order. (*Id.*) As to the third statement, Defendants argue that the Court misconstrued the May 17 Joint Statement. (*Id.* at PageID 822.) That Joint Statement, signed by defense counsel, included the language that "Defendant Receivables Performance Management is unable to proceed with a motion to compel arbitration." (Doc. 61 at PageID 753.)

Defendants' objections about claimed factual inaccuracies are entirely without merit. The above-quoted Magistrate Judge's statements are not "false." Rather, the Court finds the statements above to be well-supported by the Magistrate Judge's Order, which included nearly 100 pages of attachments. The Court also stands behind the Magistrate Judge's legal conclusions based on her analysis of the May 17 Joint Statement. Defendants' objections are overruled.

## III. Conclusion

Defendants conclude their Objections by arguing that the "sole issue is whether the Order is contrary to law because there was no Motion before the Court for consideration and thus no Notice." (Doc. 62 at PageID 822.) That "sole issue" is easily resolved in the negative. The Magistrate Judge's ruling was not contrary to law. As to the claimed factual inaccuracies, the

Court disagrees with Defendants' characterization and finds that the Magistrate Judge's summary of the facts is not clearly erroneous. Defendants' Objections are **OVERRULED**.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2019.

BY THE COURT:


S/Susan J . Dlott_____
Susan J. Dlott
United States District Judge