**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| PHILLIP RAMSEY, an individual, | : | Case No. 1:16-cv-01059-SJD-KLL |
| | : | |
| Plaintiff, | : | Dist. Judge:  Susan J. Dlott |
| | : | Mag. Judge:  Karen L. Litkovitz |
| v. | : | |
| | : | **MOTION BY DEFENDANTS FOR** |
| RECEIVABLES PERFORMANCE | : | **SUMMARY JUDGMENT AGAINST** |
| MANAGEMENT, LLC, a Washington | : | **PLAINTIFF PHILIP RAMSEY ON** |
| corporation, *et al.*, | : | **ALL CLAIMS** |
| | : | |
| Defendants. | : | **\*ORAL ARGUMENT REQUESTED\*** |
| | : | |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure[1], Defendants Receivables Performance Management, LLC ("RPM") and Howard George ("Mr. George")[2] move for Summary Judgment against Plaintiff Philip Ramsey ("Plaintiff") on each of his claims asserted against Defendants in the First Amended Complaint ("FAC") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq*. and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345 et seq.  (Dkt. # 18; PageID: # 127.)  As shown in the attached Memorandum in Support, RPM **did not** violate the TCPA or the OCSPA.

Defendants requests the Court find as a matter of law that: 1) Defendants telephone system does not constitute an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA (47 U.S.C. § 227(a)(1)(A); 2) Defendants did not use any artificial or prerecorded voices (47 U.S.C. § 227(b)); 3) Defendants did not violate the TCPA; 4) Defendants did not violate the OCSPA; and 5) Defendants are entitled to Judgement in their favor and against Plaintiff as to the

---

[1] Unless otherwise stated, all future references to "Rule" shall mean the Federal Rules of Civil Procedure.

[2] Hereinafter, RPM and Mr. George are collectively referred to as "Defendants."

entire First Amended Complaint.

March 11, 2019                  Respectfully submitted,

By:    *s/Sean P. Flynn*
       Brant T. Miller (0070134) (Trial Counsel)
       Tyler Tarney (0089082)
       Sean P. Flynn, Esq. (220184) (Pro Hac Vice)
       **GORDON & REES LLP**
       41 S. High St., Suite 2495
       Columbus, Ohio 43215
       Tel: (614) 340-5558
       btmiller@grsm.com
       ttarney@grsm.com
       sflynn@grsm.com

       *Attorney for Defendants*

# **TABLE OF CONTENTS**

I.   INTRODUCTION: ............................................................................................ 1

II.  STATEMENT OF FACTS: ............................................................................. 1

   A.  Plaintiff's Allegations in His Complaint ................................................... 1

      1.  Plaintiff's Lack of Evidence Regarding Use of an ATDS. .............. 2

   B.  Plaintiff's Account and Defendant's Calls to Plaintiff. ........................... 2

   C.  RPM Does Not Use an ATDS. ................................................................. 3

   D.  RPM Does Not Use Artificial or Prerecorded Voices. ........................... 4

   E.  Howard George. ...................................................................................... 4

III.  LEGAL STANDARD for summary judgment motions: .................................. 4

   A.  When a Plaintiff Lacks Evidence to Support the Claims .......................... 4

   B.  When a Defendant Proves They Are Entitled to Judgment in their Favor. ......................... 5

IV.  LEGAL ARGUMENTS: ................................................................................. 5

   A.  What Is an ATDS? ................................................................................... 6

      1.  Congress did not grant the FCC authority over Section 227(a). ................ 8

   B.  Defendants Did Not Use an ATDS. .......................................................... 9

   C.  Defendants Did Not Use an Artificial or Prerecorded Voice. ................... 9

   D.  State OCSPA Claim. ............................................................................... 9

      1.  The Court Should Decline Jurisdiction over the State claim. ............ 9

      2.  The State Claim Is Predicated on the TCPA Claim. ...................... 10

V.  CONCLUSION: ............................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) ............................................................... 5

*Bingham, Ltd. v. United States*, 724 F.2d 921, 925-926 n.3 (11th Cir. 1984) ............................... 8

*Burgess*, 553 U. S., at 130 ................................................................................................................ 7

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ........................................................................ 5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ................. 4

*Chevron*, 467 U. S., at 842 ............................................................................................................... 7

*Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, 138 S. Ct. 1061, 1077 (2018) ...................................... 8

*Elliot Coal Mining Co. v. Director, Office of Workers' Comp. Programs*, 17 F.3d 616, 630 (3d Cir. 1994) .... 8

*Gager v. Dell Financial Services, LLC*, 727 F.3d 265, 268 (3d Cir. 2013) ......................................... 1

*Goodman v. Nat'l Sec. Agency, Inc.,* 621 F.3d 651, 654 (7th Cir. 2010) ......................................... 5

*Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996) ..................................................... 10

<u>In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 1991</u>, CG Docket No. 92-90, FCC 92-443 (10/16/92), P 45 .............................................................. 6

*Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000) ................................. 5

<u>Marks v. Crunch San Diego, LLC</u>, 55 F. Supp. 3d 1288, 1291 (S.D. Cal. 2014) ............................ 9

*Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp.2d 846, 849 (S.D. Ohio 2011) ..................... 5

*Matsushita*, 475 U.S. at 587 .......................................................................................................... 5

*Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) ......................................................... 4

*Paldo Sign and Display Co., et al. v. Unified Marketing, LLC, et al.*  2017 U.S Dist. LEXIS 34416 (March 10, 2017 ......................................................................................................................................... 4

<u>Pugliese v. Professional Recovery Service, Inc.,</u> 2010 WL 2632562,  (E.D.Mich. June 29, 2010) ................. 6

*Sannes v. Jeff Wyler Chevrolet, Inc.*, 1999 WL 33313134, Case No. C-1-97-930-SJD (S.D. Ohio, 1999) ..... 10

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) ..................................... 7

*Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002) ......................................................... 5

*Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986) ... 5

*Satterfield,* 569 F.3d at 951 ........................................................................................................... 7

*Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) ......................................... 5

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) ......................................... 5

*United States Nat'l Bank of Or. v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 454 (1993) ............ 7

*Yang v. Majestic Blue Fisheries, LLC*, 876 F.3d 996, 1000 (9th Cir. 2017) ................................... 8

### Statutes

28 U.S.C. § 1331 ............................................................................................................................ 9

28 U.S.C. § 1367 ............................................................................................................................ 9

47 U.S.C. § 227(a)(1)(A) ................................................................................................................. 7

47 U.S.C. § 227(b) .......................................................................................................................... 6

47 U.S.C. § 227(b)(1)(A) ................................................................................................................. 6

Section 227(b)(1)(A) ...................................................................................................................... 6

section 227(b)(1)(A)(iii) ......................................................................................................... 5

## Other Authorities

47 C.F.R. § 64.1200(f)(2) ...................................................................................................... 8

## Rules

*Fed. R. Civ. P.* 56(c) ............................................................................................................. 5

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**</u>

Defendants by and through the undersigned counsel of record, hereby file their Memorandum of Law in Support of their Motion for Summary Judgment and, in support thereof, incorporates its Concise Statement of Undisputed Material Facts and states as follows.

**I.     <u>INTRODUCTION</u>:**

In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices. "Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls." *Gager v. Dell Financial Services, LLC*, 727 F.3d 265, 268 (3d Cir. 2013).  President George H.W. Bush, however, clearly stated that because the legislation could "lead to unnecessary regulation or curtailment of legitimate business activities," his Administration opposed the initial version of the TCPA until Congress put in place safeguards that would not interfere with automated calls to consumers with whom a business had a preexisting business relationship.  (Defendants Notice of Filing Exhibits, Ex. 1.)

There is no dispute in this case that Plaintiff and Defendants had the exact type of preexisting business relationship the President was discussing in his 1991 Statement on Signing the Telephone Consumer Protection Act of 1991.  There likewise is no dispute in this case that Defendants telephone system used to communicate with Plaintiff did not violate the TCPA or OCSPA because the system does not meet the statutory definition of an ATDS.

Thus, boiled down to the core issue in this case, if Defendants telephone system is not an ATDS, Plaintiff's entire FAC fails and Judgment must be entered in Defendants favor.

**II.    <u>STATEMENT OF FACTS</u>:**

**A.     <u>Plaintiff's Allegations in His Complaint</u>.**

Plaintiff alleges in the FAC that RPM began calling him in early 2015 using an ATDS and/or artificial or prerecorded voices.  (Dkt. 18, PageID 131, ¶¶ 5; 18; 20; 21; 24; 26; 32; 34; and 36.)  None of Plaintiff's allegations are based on facts.  Rather they are all alleged on "information or belief."

1

1.      **Plaintiff's Lack of Evidence Regarding Use of an ATDS.**

During Plaintiff's deposition he admitted that he does not know what an ATDS is under the TCPA; nor have any evidence to demonstrate that RPM's telephone system could be construed as an ATDS.  (Proposed Undisputed Facts ("PUF") # 18 & 20.)  Further, Plaintiff never designated any Expert Witnesses in this case.  RPM's position throughout this case, and throughout all of the written Discovery and Deposition testimony has consistently been that it did not use an ATDS to communicate with Plaintiff at any time.  (PUFs # 11-17; & 19.)

Thus, Plaintiff lacks any evidence to argue that RPM did use an ATDS while communicating with him.  As will be discuss more below, this is fatal to the entire FAC.

B.      **Plaintiff's Account and Defendant's Calls to Plaintiff.**

RPM provides third party debt collection services to companies that operate on credit agreements with consumers.  Examples of the types of companies RPM works with include: AT&T, DirecTV, and T-Mobile.  Here, the company RPM was providing third party collection services to was Windstream Communications, LLC[3], and the debtor was Plaintiff.

In the ordinary course of its business dealings, RPM maintains an electronic record of the delinquent accounts it is working on and the events that have taken place relative thereto.  That record keeping system is referred to as the PICK system.  (PUF # 1.)  Here, the relevant consumer account, which is the subject of Plaintiff's FAC, is Windstream Communications account # 162418057 ("The Account").

Plaintiff does not dispute The Account with Windstream.  (Dkt. # 80-02, PageID #1100, ¶ 6.)  On November 16, *2014*, Plaintiff sent Windstream a letter requesting that it, and its affiliates cease calling him regarding The Account.  (PUF # 3.)  On March 30, *2015*, Windstream assigned The Account to RPM for debt collection.  (PUF # 4.)  Windstream never communicated Plaintiff's November 16, 2014 letter to RPM.  (PUF # 5.)

In the ordinary course of business, Defendants' customers send delinquent accounts to RPM for collection through electronic means.  In the data transfer file from Windstream, RPM

---

[3] Defendants were informed during the week of March 4, 2019 that Windstream Communication, Inc. filed for Bankruptcy protection in the Southern District of New York on February 25, 2019.  At this point, the Parties appear to agree that this bankruptcy filing should not affect this case.

received Plaintiff's telephone number (513) 403-2590. (PUF # 6.) Thus, RPM had consent to call Plaintiff at telephone number (513) 403-2590. (PUF # 7.)

At no time did Plaintiff communicate to RPM that he was or had withdrawn consent to be called at telephone number (513) 403-2590. (PUF # 8.) On September 28, 2015, The Account was returned by RPM to Windstream, and RPM did not engage in any further debt collection activities relative to The Account. (PUF # 9.) Between March 30, 2015 and September 28, 2015, RPM placed telephone calls to Plaintiff's telephone number (513) 403-2590 in an attempt to collect on The Account. (PUF # 10.)

C.      **RPM Does Not Use an ATDS.**

Between March 30, 2015 and September 28, 2015, RPM exclusively used a Noble Systems, Inc. ("Noble") telephone system. (PUF # 11.) On September 19, 2011, Noble removed the capacity of the telephone system RPM was using to generate telephone numbers. (PUF # 12.) On December 5, 2013, Jim Noble, founder and owner of Noble, signed a sworn statement that the Noble telephone system RPM was using did not have a random or sequential number generator. (PUF # 13.) There were no modifications to the Noble telephone system after Noble removed the random and sequential number generation. (PUF #14.) Plaintiff has no evidence that RPM's telephone system had a random or sequential number generator. (PUF #18.) Thus, RPM's Noble telephone system did not have the capacity to generate or dial telephone numbers using a random or sequential number generator. (PUF # 15.)

RPM has never called numbers in a random or sequential pattern. (PUF # 16.) Rather, it has a complicated set of steps it goes through every night before placing calls the next day. The list of telephone numbers prepared the night before any call is placed is then loaded into PICK system. The telephone numbers to be called are selected from a very complicated set of rules dictated by Federal and State laws, Client requires, RPM Policies and Procedures, and the events reflected in the PICK notes. (PUF # 17.)

There is no random or sequential number generation – which is a foundational requirement for any telephone system to be deemed an ATDS. Moreover, however, there is a substantially amount of "human intervention" from the preparation of the calling list, to choosing

3

which list to call, and when to stop a calling campaign that is not performing from the perspective of contact debtors and resulting in successful communications to assist the debtors in resolving their delinquent account status. Therefore, RPM's telephone system lacks the requisite automation to qualify as an ATDS.

        **D.**    <u>**RPM Does Not Use Artificial or Prerecorded Voices.**</u>

RPM did not use any artificial or prerecorded messages in any placed or received telephone calls. (PUF # 19.) Plaintiff has no evidence that RPM did not use any artificial or prerecorded messages in any placed or received telephone calls. (PUF # 20.)

        **E.**    <u>**Howard George.**</u>

Mr. George's only involvement in this case is because he is the CEO of RPM. There are no allegations, and certainly no evidence, that Mr. George did or did not take any action relative to Plaintiff individually. Thus, to the extent RPM prevails on the arguments set forth here, Mr. George likewise must prevail on the arguments set forth herein.

**III.**    <u>**LEGAL STANDARD FOR SUMMARY JUDGMENT MOTIONS:**</u>

        **A.**    <u>**When a Plaintiff Lacks Evidence to Support the Claims.**</u>

Ordinarily, on a motion for summary judgment Rule 56 imposes the initial burden of persuasion on the movant to inform the court why a trial is not necessary. *Modrowski v. Pigatto,* 712 F.3d 1166, 1168 (7th Cir. 2013). Here, Defendants are the movants. But, when the Plaintiff has the burden of proof, the Defendants can satisfy their burden on summary judgment by "pointing out to the district court" that there is no evidence supporting the Plaintiff's claims. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *see also Modrowski* 712 F.3d at 1167. "Upon such a showing, the [Plaintiff] must then 'make a showing sufficient to establish the existence of an element essential to [the Plaintiff's] case.'" *Modrowski,* 712 F.3d at 1168 (quoting *Celotex,* 477 U.S. at 322). "Summary judgment is often called the 'put up or shut up' moment in litigation, which means that [here the Plaintiff] 'is required to marshal and present the court with' evidence on which a reasonable jury could rely that would permit a finding in the [Plaintiff's] favor." *Paldo Sign and Display Co., et al. v. Unified Marketing, LLC, et al.* 2017 U.S Dist. LEXIS 34416 (March 10, 2017 (*citing Goodman*

*v. Nat'l Sec. Agency, Inc.,* 621 F.3d 651, 654 (7th Cir. 2010)).

      **B.**      <u>**When a Defendant Proves They Are Entitled to Judgment in their Favor.**</u>

      Alternatively, a motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). *See*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

      The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp.2d 846, 849 (S.D. Ohio 2011) (*quoting*, *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

**IV.**    <u>**LEGAL ARGUMENTS:**</u>

      In his complaint, Plaintiff alleges that RPM violated section 227(b)(1)(A)(iii) of the

TCPA by calling his phone in an attempt to collect debt.  Section 227(b)(1)(A) of the TCPA

provides in pertinent part:

> It shall be unlawful for any person . . .
>
> (A) To make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice
>
> …
>
> (iii) to any telephone number assigned to . . . cellular telephone service, …

47 U.S.C. § 227(b).

 To state a claim under the TCPA for calls made to a cellular phone, a plaintiff has the

initial burden of proof as to each of the following: 1) a call was placed to a cell or wireless

phone, 2) using an ATDS and/or using an artificial or prerecorded message, 3) without consent

of the recipient; and 4) the called party was charged for the call.   *E.g., Pugliese v. Professional*

*Recovery Service, Inc.*, 2010 WL 2632562,  (E.D. Mich. June 29, 2010); *In the Matter of Rules*

*& Regulations Implementing The Telephone Consumer Protection Act of 1991*, CG Docket No.

92-90, FCC 92-443 (10/16/92), p. 45.

 Here, summary judgment in favor of RPM is appropriate because: 1) Plaintiff cannot

establish that RPM violated the TCPA; 2) RPM does not use an ATDS; and 3) RPM does not use

artificial or prerecorded messages.

### A. What Is an ATDS[4]?

 In order to establish liability under Section 227(b)(1)(A)(iii) of the TCPA, Plaintiff has the

initial burden of proof to establish Defendants contacted his cellular telephone ***using*** an

automatic telephone dialing system ("ATDS") and/or an artificial prerecorded voice, without his

consent.  47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).  Thus, the statutory definition

regarding what constitutes an ATDS is vital to the Court's analysis.

 Section 227(a)(1)(A) of the TCPA clearly defines what constitutes an ATDS:

---

[4] The following scene from the 1983 movie War Games is perhaps one of the best video examples of what Congress defined as an ATDS available on line: https://www.youtube.com/watch?v=AByemfK_qD4.  While the dialing depicted is sequential number generation and dialing, random number generation and dialing is essentially the same.

> equipment which has the capacity--(A) to store or produce
> telephone numbers to be called, ***using*** a random or sequential
> number generator; and (B) to dial such numbers.

47 U.S.C. § 227(a)(1) (emphasis added).

In *Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 951 (9th Cir. 2009), the court

found that the statutory text is clear and unambiguous:

> [i]n construing the provisions of a statute, we first look to the
> language of the statute to determine whether it has a plain meaning
> . . .. Thus, our inquiry begins with the statutory text, and ends there
> as well if the text is unambiguous [citation omitted].  Reviewing
> this statute, 'we conclude that the statutory text is clear and
> unambiguous.

*Satterfield,* 569 F.3d at 951.

The Supreme Court recently reconfirmed the standards for statutory construction in

*Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767 (2018), wherein the Court repeated:

> Because "Congress has directly spoken to the precise question at
> issue," *Chevron*, 467 U. S., at 842, we do not accord deference to
> the contrary view advanced by the SEC in [its] Rule[s] []. The
> statute's unambiguous [] definition, in short, precludes the
> Commission from more expansively interpreting that term. *See
> Burgess*, 553 U. S., at 130.

*Digital Realty Trust, Inc.*, 138 S. Ct. at 782 (2018).

In *Satterfield*, the court did not need to look to the FCC rules or declaratory orders for

guidance, because their inquiry began with the statutory text and had to end there because the

statutory text was clear and unambiguous.  *Id*.  The plain text of the TCPA contemplates that an

ATDS must be capable of more than simply dialing stored numbers. Congress did not broadly

refer to any equipment that can dial numbers from a list, but rather only to equipment with

capacity "to store or produce telephone numbers to be called, *using a random or sequential

number generator*." 47 U.S.C. § 227(a)(1)(A) (emphasis added).  Congress included that

distinctive limiting phrase for a reason: Congress sought only to capture technology "using a

random or sequential number generator."

Basic rules of grammar and punctuation reinforce that commonsense conclusion. *See

United States Nat'l Bank of Or. v. Independent Ins. Agents of Am.*, *Inc.*, 508 U.S. 439, 454

(1993) (statute's meaning "will typically heed the commands of its punctuation").  The disputed

7

language comprises just two clauses: (i) linked verbs ("store or produce") that share a common object ("numbers to be called"), and (ii) a dependent modifier ("using a random or sequential number generator"). The latter clause, moreover, is set off by a comma.

Consistent with established principles of statutory construction, that structure strongly indicates that the latter clause modifies both parts of the preceding clause. *See Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, 138 S. Ct. 1061, 1077 (2018) ("[T]he most natural way to view the modifier [following the comma] is as applying to the entire preceding clause."); *see also, e.g.*, *Yang v. Majestic Blue Fisheries, LLC*, 876 F.3d 996, 1000 (9th Cir. 2017) (describing adherence to "punctuation canon, under which a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one [where the phrase] is separated from the antecedents by a comma") (alteration in original)  (citation and internal quotation marks omitted); *Elliot Coal Mining Co. v. Director, Office of Workers' Comp. Programs*, 17 F.3d 616, 630 (3d Cir. 1994) ("Th[e] use of a comma to set off a modifying phrase from other clauses indicates that the qualifying language is to be applied to all of the previous phrases and not merely the immediately preceding phrase"); *Bingham, Ltd. v. United States*, 724 F.2d 921, 925-926 n.3 (11th Cir. 1984) (same).

Thus, there is no question as to what an ATDS is – it must ***use*** a random or sequential number generator in order to fit within the statutory definition.

### 1. Congress did not grant the FCC authority over Section 227(a).

But even if the statute were unclear, which it is not, no court can rely on any FCC Rule[5] or Regulation concerning the definition of an ATDS because *Congress <u>never</u> granted the FCC any rulemaking authority over Section 227(a)*:

> The Federal Communications Commission ("FCC") does not have the statutory authority to change the TCPA's definition of an ATDS. []
>
> The statute defines an ATDS in § 227(a)(1). []
>
> Section 227(a), in contrast to § 227(b) and (c), does not include a

---

[5] Even if the Court could turn the Rules and Regulations promulgated by the FCC, its own Regulation mirrors Congress'.  47 C.F.R. § 64.1200(f)(2).

> provision giving the FCC rulemaking authority.
>
> Furthermore, § 227(b) and (c) expressly limit the aforementioned rulemaking authority to only those subsections. []
>
> It is therefore undeniable that any FCC attempt to modify the statutory language of § 227(a) is impermissible.

*Marks v. Crunch San Diego, LLC*, 55 F. Supp. 3d 1288, 1291 (S.D. Cal., 2014 )(reversed on other grounds).   Therefore, the Court cannot rely on any rules or regulations published by the FCC that deviate from the statutory language of the TCPA.

    **B.**    **Defendants Did Not Use an ATDS.**

Here, the relevant facts are uncontroverted.  Defendants placed telephone calls to Plaintiff between March 30, 2015 and September 28, 2015.  (PUF # 10.)  All calls placed to Plaintiff were done using the Noble telephone system.  (PUF # 11.)  On September 19, 2011, Noble Systems removed any capability the Noble telephone system may have had to randomly or sequentially generate telephone numbers.  (PUFs # 12 & 13.)  Thereafter, no changes were made to the Noble telephone system.  (PUF 14.)  Other that self-serving uncorroborated evidence, Plaintiff lacks any evidence to the contrary.

Thus, during the entire time Defendants placed calls to Plaintiff, the Noble telephone system did not have the capacity to randomly or sequentially generate telephone numbers. Therefore, Defendants' Noble telephone system does not qualify as an ATDS, and as such Plaintiff cannot establish this necessary element of his TCPA claim against Defendants.

    **C.**    **Defendants Did Not Use an Artificial or Prerecorded Voice.**

It is also uncontroverted that Defendants did not use an artificial or prerecorded voice. Defendants did not use any artificial or prerecorded messages in any telephone call they initiated to Plaintiff.  (PUFs # 19 & 20.)

    **D.**    **State OCSPA Claim.**

        **1.**    **The Court Should Decline Jurisdiction over the State claim.**

The Court had original jurisdiction over the federal law TCPA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law OCSPA claim pursuant to 28 U.S.C. § 1367. Section 1367 gives the Court discretionary authority to decline to exercise

supplemental jurisdiction when, as is the situation here, the Court has dismissed the claims over which it had original jurisdiction. *Sannes v. Jeff Wyler Chevrolet, Inc.*, 1999 WL 33313134, Case No. C-1-97-930-SJD (S.D. Ohio, 1999) (*citing, Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996).

As this Court has done in the past, it should exercise its discretion and decline to exercise jurisdiction over the OCSPA claim.

### 2.    The State Claim Is Predicated on the TCPA Claim.

The State OCSPA claim is predicated on a finding of liability on the TCPA claim. Thus, if the TCPA claim fails, the OCSPA claim automatically fails.

## V.    CONCLUSION:

Defendants Motion for Summary Judgment boils down to whether or not the Noble telephone system used to communicate with Plaintiff constitutes an ATDS. Defendants and Noble Systems all state that the telephone system used did not have any random or sequential number generating capacity. Plaintiff has no evidence to the contrary. Therefore, as a matter of law and fact, the telephone system used cannot be held to be an ATDS; and if Defendants did not use an ATDS they cannot be found to have violated either the TCPA or OCSPA.

As such, Defendants are entitled to Judgment in their favor as to all of Plaintiff's Claims in the FAC.

March 11, 2019                                    Respectfully submitted,

By:    *s/Sean P. Flynn*
Brant T. Miller (0070134) (Trial Counsel)
Tyler Tarney (0089082)
Sean P. Flynn, Esq. (220184) (Pro Hac Vice)
**GORDON & REES LLP**
41 S. High St., Suite 2495
Columbus, Ohio 43215
Tel: (614) 340-5558
btmiller@grsm.com
ttarney@grsm.com
sflynn@grsm.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I the undersigned, certify and declare that I am over the age of 18 years, and am an employee of Gordon Rees Scully Mansukhani, LLP, 2211 Michelson Drive, Suite 400, Irvine, CA 92612.

On **March 11, 2019** and pursuant to FRCP 5(b), I served a true and correct of the foregoing **MOTION BY DEFENDANTS FOR SUMMARY JUDGMENT AGAINST PLAINTIFF PHILIP RAMSEY ON ALL CLAIMS** to the parties listed below as follows:

| | |
|---|---|
| Adam V. Sadlowski, Esq.<br>Cori R. Besse, Esq.<br>SADLOWSKI & BESSE L.L.C.<br>11427 Reed Hartman Highway, Suite 217<br>Blue Ash, Ohio 45241<br>Tel: (513) 618-6596<br>Fax: (513) 618-6442<br>Email: asadlowski@sb-lawyers.com<br>       cbesse@sb-lawyers.com<br><br>Attorneys for Plaintiff<br>Phillip Ramsey | ☐ U.S. Mail Postage Prepaid<br>☒ CM/ECF<br>☐ Hand Delivery<br>☐ Email: |

I declare that I am employed in the office of a member of the Ohio State Bar who is permitted to practice before this Court, at whose direction the service stated above was made, and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 11, 2019, at Irvine, California.

Leslie M. Handy